

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Quincy Hawkins
County Auditor
Henderson County
Athens, Texas

Dear Sir:

> Opinion No. O-1160
> Re: Where the constable has three cases
> against the same man, all of them com-
> ing from the same arrest, is the coun-
> ty liable to the constable for one-half
> fees in each separate case filed or on-
> ly one case plus whatever mileage costs
> there happened to be?

Your request for opinion upon the above stated question has been received by this department.

We quote from your letter as follows:

"Please give me an interpretation of the law that governs the following case.

A constable arrests a man and charges him with three misdemeanors as indicated below:

1. Operating a motor vehicle without lights.
2. Operating an unregistered vehicle.
3. Drunk. (Not driving the car)

"This man lays the fine out in jail. The constable files his claim for one-half fees in each case filed. Under the law governing Exam-ining Trial Fees in Felony Cases the constable is entitled to fees in only one case where all of the cases arise out of the same arrest. I am just wondering if this sort of reasoning would not apply in this case.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



"Where the constable has three cases against the same man all of them coming from the same arrest is the county liable to the constable for one-half fees in each separate case filed or only one case plus what ever mileage costs there happened to be? He has actually only served one warrant and one commitment on the person!"

Article 1055, Code of Criminal Procedure of the State of Texas, as amended by the Forty-sixth Legislature of Texas, effective May 15, 1939, reads as follows:

"The county shall not be liable to the officer and witness having costs in a misdemeanor case where defendant pays his fine and costs. The county shall be liable for one-half of the fees of the officers of the Court, when the defendant fails to pay his fine and lays his fine out in the county jail or discharges the same by means of working such fine out on the county roads or on any county project. And to pay such half of costs, the County Clerk shall issue his warrant on the County Treasurer in favor of such officer to be paid out of the Road and Bridge Fund or other funds not otherwise appropriated."

Article 1065, Code of Criminal Procedure of Texas, sets out the fees to which a constable and other peace officers are entitled.

Article 1011, Code of Criminal Procedure of Texas, reads as follows:

"No item of costs shall be taxed for a purported service which was not performed, or for a service for which no fee is expressly provided by law."

Opinion No. 0-106 and other opinions of this department hold that a constable, or other peace officers, are not entitled to fees except for services performed, as outlined by the fee statute.

Hon. Quincy Hawkins, page 3

OFFENSE NO. 1, listed by you, in your letter,
as

"Operating a motor vehicle without lights",

is apparently covered by Article 798 of the Penal Code
of Texas.

OFFENSE NO. 2, listed by you, in your letter,
as

"Operating an unregistered vehicle",

is apparently covered by Article 807b of the Penal Code
of Texas.

OFFENSE NO. 3, listed by you, in your letter,
as

"Drunk",

is apparently covered by Article 477 of the Penal Code
of Texas.

Article 803 of the Penal Code of Texas, reads
as follows:

"Any peace officer is authorized to arrest
without warrant any person found committing a
violation of any provision of the preceding ar-
ticles of this chapter".

This article of the Penal Code gives peace of-
ficers the right to arrest without warrant persons found
committing a violation of Article 798 of the Penal Code,
to-wit; the offense of operating a motor vehicle without
lights, but it does not give peace officers the right
to arrest without warrant persons violating 807b of the
Penal Code, to-wit; the offense of operating an unregis-
tered motor vehicle.

"A constable is without authority to ar-
rest without warrant for refusal to drive truck
to scales to ascertain whether or not the truck
was overloaded under statute vesting peace of-

468

ficers with right to arrest without warrant if
breach of the peace is being committed in of-
ficer's presence, operation of overloaded trucks
not being per se a 'breach of the peace'."
(HEAD vs. STATE, 96 S.W. (2d), 981.)

To be a "breach of the peace", the act complain-
ed of must be one which disturbs, or threatens to dis-
turb, the tranquillity enjoyed by citizens. (HEAD vs.
STATE, supra.)

"Drunkenness is not an offense against the
public peace and a constable may not arrest for
drunkenness without warrant." (KING vs. STATE,
103 S.W. (2d) 754.)

Conference opinion No. 2725, of this department,
written February 13, 1928, by H. Grady Chandler and Gal-
loway Calhoun, Assistants Attorney General, holds that
a commitment for which a peace officer is allowed a fee
of One ($1.00) Dollar is for executing an order of a
court directing that a person be placed in jail, and an
officer is not allowed to charge such fee in the absence
of such order; that a capias or warrant is not a commit-
ment for which a fee is allowed; that the judgment of a
court is not within itself a commitment for which a fee
is allowed; and that a release for which a peace offi-
cer is allowed a fee of One ($1.00) Dollar is for releas-
ing or discharging a defendant from the force and effect
of a judgment restraining him.

Conference opinion No. O3056, of this depart-
ment, written by the present administration, follows con-
ference opinion 2725, above referred to, and further holds
that a constable is not entitled to charge for subpoena-
ing witnesses unless he actually subpoenaed the witnesses;
and that the constable is entitled to a release fee if
he releases the defendant from the force and effect of a
judgment restraining him.

You are, therefore, respectfully advised that
it is the opinion of this department, that if the con-
stable actually arrested the defendant for operating a
motor vehicle without lights, with or without warrant,
the constable would be entitled to a Two ($2.00) Dollar

Hon. Quincy Hawkins, page 5

fee for arrest in this instance. If the constable arrested the defendant with a warrant, for operating an unregistered vehicle, he would be entitled to a Two Dollar ($2.00) arrest fee. If he arrested him without a warrant for this offense the arrest would be illegal, and the constable would not be entitled to an arrest fee in this instance. If the constable arrested the defendant for the offense of drunkenness in a public place with a warrant, he would be entitled to a Two ($2.00) Dollar arrest fee in this instance. If he arrested the defendant for public drunkenness without a warrant, then the arrest would be illegal and the constable would not be entitled to an arrest fee in this instance.

If this defendant pleaded guilty to each of the three listed charges, and was fined by the justice of the peace, then the constable would be entitled to such fees as he actually earned for such services that he actually performed. If the constable took and approved bonds in each of these cases, in the manner outlined by law, then, in that event, the constable would be entitled to such fees .. on the other hand, if he did not take and approve bonds, as outlined by the statute, he certainly would not be entitled to any fee for taking and approving bonds. If legal commitments were issued in each of the three cases and were served by the constable upon the defendant by placing the defendant in jail, then, in that event, the constable would be entitled to a commitment fee in each case. However, if only one commitment was issued, and only one commitment was served by the constable, he would only be entitled to one commitment fee. If the constable released the defendant from jail and from the force and effect of the three judgments restraining the defendant upon the expiration of his time in jail, then it is the opinion of this department that the constable would be entitled to a release fee of One ($1.00) Dollar in each of the three cases. It is the further opinion of this department that the constable would only be entitled to the actual mileage cost under Article 1065 of the Code of Criminal Procedure. In other words, the constable is entitled to fees for such services as he actually performed, for which the law provides him compensation. The constable is not entitled to any fees for services which he does not perform.

Under Article 1055, Code of Criminal Procedure, supra, the county would be liable to the constable for one-half of all of the legal fees of the constable, as above indicated, where the defendant did not pay his fines and costs in cash, but laid out his fines and costs in jail.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  Wm. J. Fanning
    Wm. J. Fanning
    Assistant

WmJF:ob

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED AUG 3, 1939

ATTORNEY GENERAL OF TEXAS